NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| BRIAN D. HENDERSON, | : | CIV. NO. 20-5769 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| WARDEN DAVID ORTIZ, | : | |
| Respondent | : | |

BUMB, District Judge

Petitioner Brian D. Henderson, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a self-styled "Motion for an Emergency Order to BOP to Release Petitioner due to Potential Death from Coronavirus." (Pet., Dkt. No. 1.) For screening purposes, the Court construed the request as a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from prison under the CARES Act. (Order, Dkt. No. 2.) Respondent file an answer to the Petition on May 20, 2020, opposing habeas relief. (Answer, Dkt. No. 3.) For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

I.   BACKGROUND

In his submission to this Court, which the Court construed as a petition for writ of habeas corpus seeking release to home

confinement under the CARES Act, Petitioner alleged FCI Fort Dix is not taking sufficient measures to stop the spread of COVID-19 among inmates and lacks the medical resources to care for those who are sick. (Pet., Dkt. No. 1.) Petitioner alleges he was identified as being in imminent danger of death if infected with COVID-19 due to his medical condition. (Id.) Therefore, he seeks vacation of his sentence[1] or release to home confinement. (Id.)

On May 14, 2008, a jury in the United States District Court, Western District of North Carolina found Petitioner guilty of drug and gun crimes. United States v. Barrera, Case No. 5:07-cr-23 (W.D.N.C.) (Jury Verdict, ECF No. 112).[2] Petitioner is serving a 211-month term of imprisonment. Id. (ECF No. 360). Assuming Petitioner receives all good conduct time available, his projected release date is June 27, 2022. (Declaration of James Reiser[3] ("Reiser Decl.") ¶25 and Ex. 1, Dkt. No. 3-2.)

According to Respondent, the Bureau of Prisons ("BOP") has taken significant measures to protect the health of the inmates in

---

[1] This Court lacks jurisdiction to vacate or modify Petitioner's sentence. Petitioner may seek compassionate release from his sentencing court under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, but must first exhaust his administrative remedies with the Warden of FCI Fort Dix. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (requiring exhaustion of administrative remdies).

[2] Available at www.pacer.gov.

[3] James Reiser is a Case Management Coordinator at FCI Fort Dix. (Reiser Decl., ¶1, Dkt. No. 3-2.)

2

response to the pandemic. (Reiser Decl., ¶21.) Beginning April 13, 2020, BOP implemented Phase 6 of its Action Plan. (Reiser Decl., ¶21(a)). All inmates in every BOP institution must be secured in their assigned cells/quarters for a period of at least 14 days, in order to stop any spread of the disease. (Id.) Only limited group gathering is permitted, with attention to social distancing to the extent possible. Id. Movement of inmates and detainees among facilities is severely limited. Id.

All staff and inmates have been issued an appropriate face covering and strongly encouraged to wear the face covering when in public areas when social distancing cannot be achieved. (Id. ¶21(b)). Every newly admitted inmate is screened for COVID-19 exposure risk factors and symptoms. (Id. ¶21(c)). Asymptomatic inmates with risk of exposure are placed in quarantine. (Id.) Symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation. (Id.) All staff are screened for symptoms. (Id.) Staff registering a temperature of 100.4 degrees Fahrenheit or higher are barred from the facility and staff with other symptoms can be placed on leave by a medical officer. (Id.)

Non-staff access to BOP facilities is restricted to essential services (Id., ¶21(d)). Legal visits are permitted on a case-by-case basis after the attorney has been screened for

infection in accordance with the screening protocols in place for prison staff and others. (Reiser Decl., ¶21(e), Dkt. No. 3-2.) Updates of BOP's modified operations are available to the public on the BOP website at a regularly updated resource page: www.bop.gov/coronavirus/index.jsp. (Id. ¶21(f)).

As of May 6, 2020, FCI Fort Dix had 58 inmates who were confirmed positive for COVID-19. (Id. ¶22.)[4] All of those inmates were in the minimum security Camp, isolated together in a housing unit located outside of the Low security institution. Id. As of that date, no FCI Fort Dix inmates in Low security have been confirmed positive for the virus. (Id.) Petitioner is housed on the Low security compound. (Id., ¶23.)

First, Respondent asserts that the petition should be denied because Petitioner has not exhausted his administrative remedies; he has not filed any Administrative Remedies seeking home confinement. (Declaration of Christina Clark, ¶4 and Ex. 1, Dkt. No. 3-1.) Second, Respondent submits that Petitioner does not meet the eligibility requirements for discretionary release to home confinement under 18 U.S.C. § 3582(c)(2), as modified by the CARES Act. (Answer, Dkt. No. 3 at 29-30.) Petitioner was convicted of possession of a firearm during a drug trafficking offense, which

---

[4] As of June 19, 2020, the BOP reports there are 14 inmates confirmed positive for COVID-19 at FCI Fort Dix. Available at https://www.bop.gov/coronavirus/ (last visited June 19, 2020).

4

is a violent offense; he has a medium-PATTERN score, which reflects an elevated probability of his likelihood to recidivate; and he has a significant disciplinary history, including a recent disciplinary sanction on February 19, 2020 for possessing a hazardous tool (a cell phone). (Reiser Decl., ¶25, Dkt. No. 3-2.) Respondent argues that all of these factors disqualify Petitioner from home confinement consideration under the Attorney General's guidance memoranda at this time. (Id. at 30.)

II. DISCUSSION

    A.    Standard of Law

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). 28 U.S.C. § 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless-- (3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

Petitioner challenges his detention in FCI Fort Dix under the CARES Act. Before the CARES Act was passed, 18 U.S.C. § 3624(c)(2) provided the BOP with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (effective July 19, 2019). As part of the CARES Act, Congress sought to address the spread of the coronavirus in prisons by

5

permitting BOP to expand the use of home confinement under § 3624(c)(2). See Pub. L. No. 116-36, § 12003(b)(2). Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months.

There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241. Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000). In the typical case, an inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The administrative remedy procedure for the BOP is set forth at 28 C.F.R. §§ 542.10 to 542.19. The procedure provides formal review of any complaint that relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10(a). For most complaints, inmates must first attempt to resolve the complaint informally with institution staff. 28 C.F.R. § 542.13(a). If that fails, the inmate may file an administrative remedy request with the Warden of the institution, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the Warden denies the request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the Regional Director

denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, within 30 calendar days from the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

B. Analysis

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust administrative remedies. (Answer, ECF No. 5 at 11-13.) Prior to filing the petition, Petitioner had not filed any administrative remedy request for home confinement. (Clark Decl., ¶4, ECF No. 5-1 at 2; Ex. 1, ECF No. 5-1 at 5-7.) Petitioner has not offered any justification for his failure to exhaust prior to filing the present petition. Furthermore, Petitioner has not alleged how the BOP failed to carry out its duties under the CARES Act.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

7

An appropriate Order follows.

**Date:** <u>**June 19, 2020**</u>

                                      <u>s/Renée Marie Bumb</u>
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**